[No. 15673.   Department Two.—December 22, 1894.]

IN THE MATTER OF THE ESTATE OF JOHN SYLVES-
TER, DECEASED.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF EXECUTOR'S ACCOUNT—
ACCOUNT OF SURVIVING PARTNER—JURISDICTION—ESTOPPEL.—Where
an executor is also the surviving partner of the deceased, and presents
his account for settlement in the probate court, purporting upon its face to
be his account as executor and not as surviving partner, such executor
cannot contend upon appeal from an order settling the account that the
account involved is the account of the surviving partner under section
1585 of the Code of Civil Procedure, and that the court has no jurisdic
tion to settle such an account.

ID.—REVIEW OF EVIDENCE UPON APPEAL—SUBSTANTIAL CONFLICT.—Where
the evidence is substantially conflicting, an order settling the account of
the executor will not be disturbed upon appeal.

ID.—SUPPORT OF FINDINGS—STIPULATION.—A stipulation made at the trial
in the same terms as a finding made thereupon is sufficient to justify the
finding.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the account of an executor, and denying his motion for a new trial.

The facts are stated in the opinion of the court.

*J. D. Sullivan*, for Appellant.

The account rendered by the executor is in fact the account required to be rendered by the surviving partner, and, treating it as such, the action of the court in attempting to settle it was *coram non judice* and void. (Code Civ. Proc., sec. 1585; *Theller* v. *Such*, 57 Cal. 447, 460; *Andrade* v. *Superior Court*, 75 Cal. 459.)

*Blake, Williams & Harrison*, for Respondent.

The stipulation made at the trial conclusively shows that the account sought to be settled was not a partnership account, but was in reality an executor's account; but, as the executor was the partner of the deceased, the court had jurisdiction to settle the account, even if it was a partnership account. (*Washington* v. *Black*, 83 Cal. 290, 294; *Reynolds* v. *Brumagim*, 54 Cal. 254; see *Estate of Armstrong*, 69 Cal. 239, 241.)

McFARLAND, J.—This is an appeal by Daniel Sylvester, executor of the last will of John Sylvester, deceased, from an order of the probate court settling the account of said executor, and from an order denying his motion for a new trial in the matter of said order.

The transcript presents rather a vague and confusing representation of the proceedings out of which this appeal arises. The executor is also the surviving partner of the deceased in a certain business; and appellant contends that the account involved here is his account as surviving partner under section 1585 of the Code of Civil Procedure, and that the probate court has no jurisdiction to settle such an account. But the account is, upon its face, the account of appellant not as surviving partner, but as executor; and the only specifications of error are that the evidence shows: 1. That the executor had no money of the estate in his hands; 2. That he had paid to the surviving wife over two thousand nine hundred dollars, for which he received no credit; and 3. That all the money received by the executor as such had been legally and properly laid out. On all these

questions there was substantially conflicting evidence, and we cannot disturb the disposition made of them by the lower court. It is argued by appellant that the evidence is insufficient to justify the finding of the court, ."that the whole of the estate received by said executor as such amounted to the cash sum of twelve thousand and twenty-one dollars and seventy-five cents, all of which was received by him prior to the twelfth day of June, A. D. 1882." But, assuming that this point can be raised under the specifications of error, it is sufficient to say that the transcript contains a stipulation made at the trial which commences as follows: "It was agreed by and between the parties hereto that the whole of the estate received by said executor as such amounted to the cash sum of twelve thousand and twenty-one dollars and seventy-five cents, all of which was received by him prior to the twelfth day of June, A. D. 1882." The stipulation, after reciting that said sum was the property of a firm of which the deceased and the executor were the only members, proceeds to provide that "said executor has no claim to or share in said sum of twelve thousand and twenty-one dollars and seventy-five cents, or any part thereof, by reason of his said partnership with said deceased, but is chargeable with the whole thereof on the settlement of said account as having been received by him on the said twelfth day of June, A. D. 1882, and is entitled to credit also for partnership liabilities paid by him, and amounting to two thousand dollars, and that all payments made for the proper expenses of administration and the personal indebtedness of said deceased should be charged against said widow as a part of her distributive share of the estate." This stipulation is really an answer to all the contentions of appellant, except those concerning the amounts of certain charges and credits, as to which, as before stated, the evidence warranted the findings of the court.

The orders appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.